\\clesto\user\huthcm\Wptext\WPDOCS\02-9109-GlascockRemand.correc.wpd

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEWART GLASCOCK, et al., : Plaintiffs, : : v. : : SULZER ORTHOPEDICS, INC., : Defendant : | Case No. 1:02-CV-9109 JUDGE O'MALLEY MEMORANDUM AND ORDER |

For the reasons stated below, plaintiff Glascock's motion to remand (docket no. 3) is **DENIED**.

On May 8, 2002, the Court certified a Settlement Class in this Multi-District Litigation and granted final approval of the Settlement Agreement. Plaintiffs Stewart and Fay Glascock (collectively, "Glascock") are class members. Pursuant to the Court's Order approving the Settlement Agreement, Glascock had until May 15, 2002 to opt out of the Agreement, if he wished. Glascock did not opt out. Accordingly, on June 12, 2002, the Court entered an Order dismissing Glascock's claims with prejudice. *See* docket no. 2.

Pursuant to the Settlement Agreement, Glascock submitted a claim for benefits to the Claims Administrator, seeking to obtain the benefits available to him as a class member who had not opted out. In September of 2005, however, the Claims Administrator determined that Glascock was not entitled to any benefits, because he had submitted his claim forms nearly two years after the submission deadline.

Glascock has responded to this denial of benefits by filing a motion asking this MDL Court to remand his case to the transferor court, where it was originally filed (the United States District Court for the Middle District of Louisiana); Glascock seeks this remand to allow him "to prosecute [his] action to judgment." Motion at 2. As defendant Sulzer notes, this motion is entirely inappropriate. Over three years ago, the Court entered an Order marking this case as settled, and dismissed all of Glascock's claims with prejudice. Glascock did not appeal this Order or question it in any way. Accordingly, there is simply no remaining case or controversy to remand to the transferor court, and no remaining "action to prosecute to judgment."

In his motion, Glascock states:

> Due to the fact that claimant, Stewart Glascock, has not had his defective Sulzer hip prosthesis replaced through surgery and has elected not to undergo surgery for same at this time, his claim in not subject to the pending multi-district class action litigation and settlement in this Honorable Court. Furthermore, mover-claimants herein had opted out of the class action multi-district litigation herein, so notifying the claims administrator in writing of their desire to opt out as required by the pending MDL administrative rules.

Motion at 2. These statements are entirely off base. First, Glascock's "election not to undergo surgery" has nothing whatsoever to do with whether his claim is subject to the Class Action Settlement Agreement.[1] And second, neither Sulzer nor the Claims Administrator has any record of a written notification of opt out from Glascock. Indeed, Glascock's own submission of claim forms to the Claims Administrator belies both of his assertions.

Sulzer suggests that Glascock's motion for remand is so obviously inappropriate that the Court should award Sulzer the costs it incurred to brief this issue. While the Court agrees that

---

[1] In fact, the Settlement Agreement sets out a separate category of benefits available to those class members who are ineligible for revision surgery. *See* Agreement at Annex IV-1 ("Revision Surgery Indicated But for A Medical Condition").

2

Glascock's motion is so devoid of merit that it borders on the frivolous, the Court chooses not to impose costs on Glascock at this time. If Glascock takes any further action to pursue claims against Sulzer that are related to this settled case, however, the Court will not be as lenient.

**IT IS SO ORDERED.**

                                                s/Kathleen M. O'Malley
                                                **KATHLEEN McDONALD O'MALLEY**
                                                **UNITED STATES DISTRICT JUDGE**

DATED: December 2, 2005